■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JACOB MIMS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction for murder in the second degree defendant claims that the trial court erred in admitting into evidence defendant's clothing and testimony, and in refusing to give a missing witness charge; that the People failed to present evidence corroborating defendant's confession (CPL 60.50); and that the court abused its discretion in imposing the maximum term of imprisonment based upon a racial consideration. We agree that the court should not have permitted defendant's sister to

testify concerning a folding hunting knife possessed by defendant approximately three months prior to the murder. There was no evidence that defendant possessed the knife on the day of the crime, the witness never saw the blade of the knife, and the knife was never recovered. Absent evidence connecting the knife to the crime, the testimony should not have been admitted *(see, People v Mirenda,* 23 NY2d 439, 453; *People v Capella,* 111 AD2d 179). Proof of defendant's guilt, however, was overwhelming; there is no significant probability that, absent the error, the jury would have acquitted defendant and thus, the error was harmless *(People v Crimmins,* 36 NY2d 230, 242).

The remaining issues were either not preserved for our review (CPL 470.05 [2]) or lack merit. There was abundant evidence connecting defendant's clothing to the homicide, warranting receipt of that evidence *(see, People v Demming,* 116 AD2d 886, *lv denied* 67 NY2d 941). The People demonstrated that the claimed missing witnesses were not within their control and, in any event, their testimony would have been cumulative *(see, People v Gonzalez,* 68 NY2d 424). Lastly, the court's general reference to defendant's appearance had no bearing upon the sentence imposed. (Appeal from judgment of Erie County Court, Forma, J.—murder, second degree, and other charges.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.