■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD SOMMERVILLE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldman, J.), rendered May 11, 1987, convicting him of robbery in the first degree under indictment No. 6171/86, upon a jury verdict, and imposing sentence, and, (2) as limited by his brief, from two sentences of the same court, both imposed May 11, 1987, upon his conviction of robbery in the first degree (eight counts) under indictment No. 6113/86, and grand larceny in the third degree under indictment No. 6542/85, respectively, upon his pleas of guilty.

Ordered that the judgment and the sentences are affirmed.

We find no merit to the defendant's contention that the People failed to prove beyond a reasonable doubt his identity as the perpetrator of a gunpoint robbery of a cabdriver charged in indictment No. 6171/86. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The complainant had ample opportunity to observe the defendant at close range during the hour that he drove the defendant and an unidentified woman in his cab from Manhattan to Brooklyn and during the commission of the crime itself as the defendant sat on the complainant's chest and hit him with a gun. The fact that the complainant was unable to identify the defendant from police photographs one week after the incident does not mean that his in-court identification did not constitute legally sufficient evidence of the defendant's guilt. Moreover, the lineup procedure at which the complainant made a positive identification was conducted approximately 3½ months after the commission of the crime and was sufficiently attenuated from the viewing of the photographs to remove any possible taint arising therefrom. The jury was not bound to accept the testimony of the defendant and his alibi witnesses *(see, People v Cox,* 114 AD2d 968). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon

the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, considering the circumstances of the case, involving the brutal assault upon the cabdriver during the commission of a robbery, the sentence imposed upon the defendant's conviction under indictment No. 6171/86 was not unduly harsh or excessive (see, People v Suitte, 90 AD2d 80). Moreover, the sentences imposed upon the convictions under indictment No. 6113/86 and indictment No. 6542/85, respectively, were part of a negotiated plea bargain which substantially reduced the defendant's sentencing exposure, and we decline to disturb them (see, People v Kazepis, 101 AD2d 816). Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.