■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), entered on January 9, 1989, convicting him, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree and sentencing him, as a second violent felony offender, to concurrent indeterminate prison terms of from 8 to 16 years and from 5 to 10 years, respectively, unanimously affirmed.

On July 4, 1988, defendant and an accomplice robbed a couple at gunpoint inside the Times Square subway station. After driving a short time with the police officers who responded to the scene, the couple identified their assailants in a small park between 42nd and 43rd Streets.

It was not improper for the court to admit testimony by the complainants of the descriptions they gave to the police officers of defendant within minutes of the commission of the crime. Such testimony is probative for the jury to resolve the issue of identification. "Comparison of the verbal description— made on the basis of recollection alone, close to the time of the crime—with the actual features of the person later corpo-

really identified can assist the jury in evaluating the degree to which the later physical identification may or may not have been the product of intervening memory failure or suggestion." *(People v Huertas,* 75 NY2d 487, 493.)

Generally, it is improper for a prosecutor to elicit testimony from a witness that confirms another witness's pretrial identification of a defendant. *(People v Trowbridge,* 305 NY 471, 474-477.)* Here, "bolstering" testimony was limited to the fact that a statement had been made, without indicating the substance of the statement, so that any bolstering would be inferential and harmless in view of the strong identification evidence. *(People v Burgess,* 66 AD2d 667.)*

Defendant's argument that he was punished for exercising his right to go to trial and that his sentence was excessive in comparison to his codefendant is also without merit. Defendant had a substantial criminal record and was sentenced as a second violent felony offender in contrast to the codefendant who was a first offender. Indeed, defendant's sentence, although not the minimum, was close to the minimally permissible range. In view of the above, the trial court did not abuse its discretion in sentencing defendant.

We have considered the remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.