■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL MURRAY, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Vinik, J.), both rendered April 1, 1985, convicting him of robbery in the first degree (two counts) under indictment No. 2753/84, upon his plea of guilty, and robbery in the first degree (two counts) under indictment No. 3179/84, upon a jury verdict, respectively, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence adduced at the trial upon indictment No. 3179/84 in a light most favorable to the prosecution, we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Talley,* 111 AD2d 885; *see also, People v Glover,* 134 AD2d 448). Although the prosecution witness's testimony contained minor inconsistencies, resolution of issues of credibility, as well as the weight to be given to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded

great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's claim that his plea under indictment No. 2753/84 was involuntarily made, he failed to move to withdraw his plea, so that his claim is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636). In any event, we find that the defendant's plea was knowing and voluntary (see, People v Harris, 61 NY2d 9).

Further, the imposition by the Supreme Court of consecutive sentences under indictment No. 3179/84 was proper, since the acts of robbing two victims were separate and distinct, although they occurred within a single extended transaction (see, People v Braithwaite, 63 NY2d 839; People v Taylor, 155 AD2d 630).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.