■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS McGRAW, Also Known as LARRY McGRAW, Appellant. —Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Thorp, J.), rendered September 16, 1986, convicting him of robbery in the first degree (three counts), kidnapping in the second degree, and burglary in the first degree (two counts), under Indictment Number 60509, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Santagata, J.), rendered October 22, 1986, convicting him of criminal possession of a weapon in the third degree, under Indictment Number 56774, upon his plea of guilty, and imposing sentence. The appeal under Indictment Number 60509 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the evidence, when viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620), sufficiently established his identity as one of the perpetrators of the crimes. The first victim identified the defendant from a photographic array, and both victims separately identified him at trial as one of the three perpetrators who committed the crimes of which he was convicted. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the imposition of consecutive terms of imprisonment for the separate and distinct crimes committed against each victim was proper (see, People v Braithwaite, 63 NY2d 839, 842-843; People v Davis, 169 AD2d 774; People v Murray, 168 AD2d 572), and that the terms imposed on each count were neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions, including those presented in his pro se supplemental brief, and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.