■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK CHISHOLM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 4, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's allegation that the testimony of a police officer bolstered the complainant's identification testimony in violation of the principles enunciated in *People v Trowbridge* (305 NY 471) is unpreserved for appellate review *(see, People v West,* 56 NY2d 662; *People v Moore,* 159 AD2d 521, 522). In any event, the officer's testimony did not have a bolstering effect because he did not refer to the victim's identification of the defendant *(see, People v Moore, supra,* at 522).

During the precharge conference, the parties stipulated that the court "need not marshal the evidence". Therefore, the defendant's contention that the court erred by refusing to marshal the evidence is not only unpreserved for appellate review but was expressly waived by him *(see, People v Sanchez,* 136 AD2d 751, 752). In any event, the court's failure to marshal the evidence did not deprive the defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in refusing to substitute new counsel in place of his assigned counsel on the eve of trial *(see, People v Medina,* 44 NY2d 199, 206-207; *People v Daniels,* 156 AD2d 705, 706; *People v Taitt,* 146 AD2d 658). Motions requesting the assignment of new counsel must not be granted casually, but upon good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Medina, supra,* at 207-208; *People v Leach,* 108 AD2d 871, 872). The record reflects that the defendant failed to articulate any reasons for the requested substitution and thus did not demonstrate good cause *(see, People v Medina, supra; People v Daniels, supra).*

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.