■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN CABALLERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 31, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient proof of his identity as the robber beyond a reasonable doubt is unpreserved for appellate review *(see, People v Colavito,* 70 NY2d 996; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified that she observed the defendant twice just prior to the incident from a distance of about 10 feet, and then again in a well-lit elevator for about 15 seconds during the course of the robbery. The robber stood face-to-face with and "inches" away from the complainant, whose view was not obstructed at any time. Furthermore, the complainant made an unequivocal in-court identification of the defendant as the robber.

We find no merit to the defendant's contention that because of certain internal inconsistencies in the complainant's testimony and inconsistencies between the testimony of the complainant and the testimony of the defendant's only witness, the complainant's testimony was incredible as a matter of law *(see, People v Mustafa,* 132 AD2d 628; *People v Di Girolamo,* 108 AD2d 755). Equally without merit is the defendant's further contention that because of certain discrepancies between the description of the robber and the defendant's actual physical appearance, the prosecution's witness should not have been believed by the jury *(see, People v Delfino,* 150 AD2d 718). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the

exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.