■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 6, 1990, convicting him of robbery in the second degree and attempted criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized motion to set aside the verdict was insufficient to preserve for appellate review his claim that the proof of identification was legally insufficient to establish his guilt beyond a reasonable doubt *(People v Dien,* 77 NY2d 885; *People v Padro,* 75 NY2d 820). In any event, viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that the complainant's identification testimony was legally sufficient to establish the defendant's guilt. The complainant had ample opportunity to observe the defendant before and during the incident, and was able to identify him at a subsequent lineup. Furthermore, the minor inconsistencies in the height and weight given in the identification testimony of the complainant and an eyewitness, on one hand, and the defendant's appearance, on the other hand, did not render the identification testimony incredible as a matter of law *(People v Quevedo,* 156 AD2d 265; *People v Harvey,* 175 AD2d 138).

The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80).

We find no merit to the defendant's remaining contention. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.