■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 4, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the night of July 4, 1989, the complainant was accosted by a group of young men in a Brooklyn subway station and robbed of her jewelry and pocketbook. The complainant subsequently identified the defendant as one of her assailants, and he was convicted of robbery in the second degree. On appeal, the defendant contends that the People failed to prove beyond a reasonable doubt that the complainant accurately and reliably identified him as one of the robbers. However, the defendant's motion for a trial order of dismissal due to the People's failure to prove a prima facie case was not sufficiently specific to preserve his claim with respect to the issue of identity for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Asaro,* 182 AD2d 823; *People v Woodley,* 178 AD2d 626). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record establishes that the complainant was standing face-to-face with the defendant as he snatched her earrings and pocketbook, and she was thus able to observe him at close range. The complainant further noted that there was sufficient lighting in the stairwell and corridor of the subway station where the robbery occurred to enable her to see the defendant's face, and she unequivocally identified him in court as one of her assailants. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during his summation which allegedly denigrated the defendant's alibi defense. No objections were made to several of the statements now complained of, and therefore the defendant's claims of error with respect thereto are unpreserved for

appellate review (see, CPL 470.05 [2]). Moreover, other allegedly improper statements were made in fair response to comments by the defense counsel during his summation (see, *People v Bosmond,* 154 AD2d 689; *People v Sykes,* 151 AD2d 523). The remaining comments, which were properly preserved, do not warrant reversal (see, *People v Galloway,* 54 NY2d 396; *People v Robles,* 175 AD2d 851). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.