■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES TUCKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered December 20, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt and disprove his alibi defense beyond a reasonable doubt. The victim's identification testimony alone was sufficient to support the defendant's conviction *(see, People v Arroyo,* 54 NY2d 567, 578). The complainant testified that, although the area where the robbery occurred was dimly lit, the defendant stood "inches" away from her as he held the gun to her head and she looked directly at his face for almost a minute. Furthermore, she unequivocally picked the defendant out of a lineup conducted more than one month later *(see, People v Caballero,* 177 AD2d 496).

The fact that the complainant, in her description of the defendant to the police, underestimated his height and failed to mention his mustache does not render her testimony incredible as a matter of law *(see, People v Cruz,* 173 AD2d 320 [victim's description of the defendant did not refer to his mutilated ear]; *People v Rodriquez,* 167 AD2d 326 [the complainant did not recall that the defendant had tattoos on his hand]; *People v Caballero, supra).* The testimony of the defendant's witness that he measured the defendant and found him to be six feet, four inches tall was not unimpeached. The defendant described himself to the police as being six feet, one inch in height and the arresting officer estimated the defendant's height to be six feet, one inch. In any event, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, do not warrant reversal. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.