■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MARK ROSS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in the fatal shooting of his girlfriend. We reject defendant's argument that the circumstantial evidence adduced at trial failed to establish his guilt beyond a reasonable doubt. Viewing the proof in the light most favorable to the People and giving the People the benefit of every reasonable inference to be drawn therefrom *(see, People v Marin,* 65 NY2d 741, 742), we conclude that the facts from which the inference of defendant's guilt are drawn are inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis *(see, People v Lewis,* 64 NY2d 1111, 1112). Nor is the verdict against the weight of the evidence. Weighing " 'the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn' " therefrom, we cannot conclude that the jury failed to give the evidence the weight it should be accorded *(People v Bleakley,* 69 NY2d 490, 495).

The trial court did not err by admitting into evidence a sketch drawn by a witness prior to any police intervention. A prosecution witness had viewed a series of events earlier on the day the victim was murdered, to which he had attached no pressing significance. After seeing a report concerning the murder on the evening news that same night, the witness realized the significance of his earlier observations and drew a picture of the man he had seen. The witness later identified defendant as that man. Defendant argues that the sketch is similar to a composite sketch, which is not admissible on the People's direct case *(see, People v Griffin,* 29 NY2d 91, 93; *People v Ivey,* 83 AD2d 788). We disagree. A composite sketch is not admissible because of the potential suggestiveness of having a police artist interpret and possibly influence the perceptions of the witness. Here, the witness, on his own,

made the sketch with no police intervention. The situation presented here is better analogized to one where the witness testifies concerning a description he or she gave to the police before any official identification procedures occurred. In *People v Huertas* (75 NY2d 487, 493), the Court of Appeals held that, in a case where identity is the critical issue, a witness' earlier description is admissible to "assist the jury in evaluating the degree to which the later physical identification may or may not have been the product of intervening memory failure or suggestion". In the present case, where identification was a critical issue, the sketch was properly admitted to help the jury evaluate whether the identification of defendant by the witness may have been the product of intervening identification procedures *(see, People v Griffin,* 173 AD2d 216, *lv denied* 78 NY2d 1076; *People v Williams,* 167 AD2d 295, *lv denied* 77 NY2d 883).

We reject defendant's remaining challenges to the trial court's evidentiary rulings with two minor exceptions. A brown shoe, not sufficiently connected to defendant, was improperly admitted into evidence, and the clothing defendant was wearing when he was arrested, irrelevant to any material issue in the case, likewise should not have been admitted. We conclude, however, that those two errors were harmless *(see, People v Mims,* 148 AD2d 957, 958, *lv denied* 74 NY2d 666). Defendant's remaining arguments are either unpreserved or lack merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.