■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HEMPHILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 28, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of January 22, 1990, an undercover police officer purchased two vials of cocaine from a man whom the officer later identified as the defendant. Upon the defendant's arrest, six vials of cocaine were found in his possession which matched the two vials which the undercover officer had previously purchased from the defendant. However, none of the "pre-recorded buy money" which the undercover officer had used to purchase the two vials of cocaine was found on the defendant.

On appeal, the defendant contends that the People failed to establish beyond a reasonable doubt that he was the person who sold the cocaine to the police officer. However, the defendant's motion for a trial order of dismissal based on the

People's failure to prove a prima facie case was not sufficiently specific to preserve this claim for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Johnson,* 185 AD2d 247). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the undercover officer was standing a few feet away from the defendant when the officer purchased the drugs. Street lights were on and the officer studied the defendant's face for a minute to a minute and a half. The officer identified the defendant as the person who sold him drugs both in a "drive-by" identification, and in court. The vials of cocaine found on the defendant at the time of his arrest matched the vials which the undercover officer had purchased. Contrary to the defendant's further contention, the People presented sufficient evidence establishing the chain of custody of the two vials purchased by the undercover officer.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.