■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MURCHISON, True Name CHARLES MURCHINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered January 3, 1989, convicting him of rape in the first degree, sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree (two counts), and sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the perpetrator of the instant crimes beyond a reasonable doubt. However, viewing the evidence in the light

most favorable to the People *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People adduced testimony from the victims of the crimes, both of whom identified the defendant as the man who sexually assaulted them. The discrepancies between the witnesses' in-court identification testimony and their prior identifications did not raise a reasonable doubt as to the defendant's identity as the perpetrator of these crimes *(see, People v Sommerville,* 157 AD2d 680). Further, the lineup, conducted three months after the viewing of the photographs, was sufficiently attenuated from the photographic identification to insure its reliability *(see, People v Sommerville,* 157 AD2d 680, *supra).*

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, the jury was able to compare the defendant's actual appearance to the descriptions related by the complainants to the police, including the distinctive mole that the complainants had described on their assailant's face *(see, People v Howard,* 153 AD2d 903; *People v Quevedo,* 156 AD2d 265). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or do not warrant reversal. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.