■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WHITE, Appellant. [597 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered November 13, 1990, convicting him of robbery in the first degree (three counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the People failed to prove his identity as the perpetrator beyond a reasonable doubt, since he did not raise this issue on his motion for a trial order of dismissal due to the People's failure to prove a prima facie case or on his motion to set aside the verdict *(see,* CPL 470.05 [2]; *People v Johnson,* 185 AD2d 247; *People v Asaro,* 182 AD2d 823; *People v Rios,* 180 AD2d 696). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the individual who burglarized the complainants' home and robbed the complainants. The complainants had an ample opportunity to observe the defendant during the incident, and were able to identify him at a subsequent lineup.

We find no merit to the defendant's contention that because of certain inconsistencies between the testimony of two of the complainants and the police officers regarding a photograph array, the jury should not have believed the complainants' identification testimony *(see, People v Caballero,* 177 AD2d

496). Equally without merit is the defendant's contention that because of certain discrepancies between the complainants' description of the robber on the night of the incident and at trial, the complainants should not have been believed by the jury *(see, People v Caban,* 120 AD2d 603). Furthermore, the minor discrepancies in the height and weight given in the identification testimony and the defendant's appearance, did not render the identification testimony incredible as a matter of law *(see, People v Rios, supra; People v Caballero, supra; People v Delfino,* 150 AD2d 718). Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, the imposition by the Supreme Court of consecutive sentences on the robbery counts was proper since the acts of robbing the three complainants were separate and distinct, although they occurred within a single extended transaction *(see, People v Truesdell,* 70 NY2d 809, 811; *People v Murray,* 168 AD2d 572; *People v Santos,* 162 AD2d 478). Moreover, we do not find the imposition of consecutive sentences to be excessive in light of the defendant's extensive criminal history, the violent and terrorizing nature of the offenses, and the psychological impact upon the victims. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.