■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WYNN, Appellant. [608 NYS2d 856] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered January 10, 1991, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. The complainant had an ample opportunity to observe the defendant during the robbery, and made an unequivocal identification of the defendant at trial *(see, People v McNeil,* 183 AD2d 790; *People v Caballero,* 177 AD2d 496).* Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contention that he was unduly prejudiced by police testimony that he was arrested subsequent to the lineup. The error, if any *(compare, People v Veal,* 158 AD2d 633, 634, *with People v Chisholm,* 174 AD2d 629, 630), was harmless *(see, People v Johnson,* 57 NY2d 969; *People v Hawthorne,* 175 AD2d 880, 881, *mod* 80 NY2d 873).

The defendant's challenge to the jury instructions is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620, 621, *supra),* and, in any event, is without merit, since the charge as a whole properly instructed the jury regarding the burden of proof and presumption of innocence *(see, People v Coleman,* 70 NY2d 817; *People v Jones,* 173 AD2d 487).* Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.