■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALEXANDER, Appellant. [610 NYS2d 324] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered November 24, 1992, convicting him of kidnapping in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Adams,* 194 AD2d 680; *People v Hemphill,* 187 AD2d 728; *People v Johnson,* 185 AD2d 247). In any event, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant had ample time to identify the defendant outside the bank, while he was riding in the car with the defendant, and while he was held captive in a house for over eight hours.

Although the defendant argues that the complainant underwent a long, harrowing experience which undermined his ability to accurately observe and identify the defendant, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v*

*Suitte,* 90 AD2d 80). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.