■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY LEE MILLER, Appellant. [614 NYS2d 135] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered July 13, 1992, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the People failed to prove his identity as one of the perpetrators of the subject robbery beyond a reasonable doubt (see, People v Adams, 194 AD2d 680; People v White, 192 AD2d 736; People v Johnson, 185 AD2d 247). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v White, supra; see also, People v Cruz, 173 AD2d 320). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Although unpreserved for appellate review, we have considered the defendant's remaining contention that certain comments and questions posed by the Trial Justice violated the defendant's rights, and we find it to be without merit (see, People v Charleston, 56 NY2d 886; People v Yut Wai Tom, 53 NY2d 44). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MORALES, Appellant. [614 NYS2d 136] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 24, 1993, convicting him of criminal sale of a controlled substance in the second degree (two counts), and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.