■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES PENNISI, Appellant. [616 NYS2d 990] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered January 17, 1992, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence establishing his identity as the burglar beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v McNeil,* 183 AD2d 790; *People v Caballero,* 177 AD2d 496). In any event, the argument is without merit. The prosecution's primary witness had an ample opportunity to observe the defendant during the burglary, and made an unequivocal identification of the defendant at trial *(see, People v Wynn,* 200 AD2d 645; *People v McNeil, supra; People v Caballero, supra).* Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Any minor discrepancies between the eyewitness's identification testimony and the defendant's appearance presented issues of credibility to be resolved by the jury *(see, People v White,* 192 AD2d 736; *People v Rios,* 180 AD2d 696).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the arguments raised by the defendant in his supplemental *pro se* brief, and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.