■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENARD GOLDEN, Appellant. [621 NYS2d 645] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 3, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator of the crime beyond a reasonable doubt was not asserted in the trial court in support of his motion to dismiss and, therefore, has

not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v White,* 192 AD2d 736). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's identity as the person who held a knife to the complainant's chest and, acting in concert with two others, robbed him. The complainant had an opportunity to observe the defendant at close range during the incident, which occurred in daylight on a clear day, and identified him at a subsequent lineup *(see, People v White, supra; People v Caballero,* 177 AD2d 496).

The discrepancies between the complainant's prior statements to the police and his trial testimony, his inability to identify the defendant from a photographic array, and the fact that the lineup was conducted two months after the robbery did not render the complainant's testimony incredible as a matter of law, but rather, were matters to be considered by the jury in assessing his credibility *(see, People v White, supra; People v Murchinson,* 189 AD2d 900; *People v Sommerville,* 157 AD2d 680). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v White, supra; People v Caballero, supra).* Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's objection to the court's identification charge has not been preserved for appellate review. When the court asked whether there were any requests or exceptions to the charge, the defendant specifically stated that he had none *(see, People v McCorkle,* 119 AD2d 700). In any event, the contention is without merit. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.