■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ELLIOTT, Appellant. [628 NYS2d 762] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered January 19, 1994, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the People failed to establish by legally suf-

ficient evidence that he was the person who committed the robberies in question *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Hemphill,* 187 AD2d 728). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant committed gunpoint robberies of a fast food restaurant in Queens on March 1, 1993, and again on March 4, 1993. On March 8, 1993, he returned to the restaurant and was waiting on line when an employee recognized him as the robber. She telephoned 911 and the defendant was arrested as he walked away from the restaurant after receiving his food order.

One complainant viewed the defendant for several minutes in the well-lit restaurant during both robberies as well as upon his return the third time while he was waiting on line. She identified him at the time of his arrest and again at trial as the man who had committed the robberies. A second complainant viewed the defendant under the same conditions during the first robbery, and a third viewed the defendant under the same conditions during the second robbery. These last two complainants identified the defendant at separate lineups conducted on the day of his arrest and at trial all three complainants identified the defendant as the man who committed the robberies. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.