◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ROSE, Appellant. [639 NYS2d 413] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered April 19, 1994, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the two individuals who attempted to rob the complainant. Here, the complainant initially identified the defendant as one of his assailants less than one hour after the robbery occurred, and unequivocally testified at trial that the defendant was the individual who grabbed him and demanded his money. Furthermore, the minor discrepancies in the complainant's description of the color of the shirt worn by the defendant during the robbery did not render his identification testimony incredible as a matter of law (*see, People v White,* 192 AD2d 736, 737; *People v Pittman,* 186 AD2d 282). Significantly, we also note that the defendant's own admissions at the Grand Jury placed him at the scene of the robbery, and in an altercation with the complainant. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

There is no merit to the defendant's additional claim that the introduction into evidence of his Grand Jury testimony as part of the prosecution's case-in-chief violated CPL 670.10. While CPL 670.10 delineates specific instances where prior testimony may be used in a criminal proceeding, it does not bar the admission of prior testimony which is otherwise independently admissible under a recognized exception to the hearsay rule (*see, People v Morgan,* 151 AD2d 221, 224, *affd* 76 NY2d 493). Accordingly, the defendant's Grand Jury testimony was properly introduced into evidence as an admission (*see, People v Rodriguez,* 191 AD2d 597, 598; *People v Koestler,* 176 AD2d 1207, 1208).

Finally, we find that the sentence imposed was neither unduly harsh nor excessive (*see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.