■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIJON HARRIS, Appellant. [663 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered October 28, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of March 19, 1994, in exchange for prerecorded money, an undercover police officer purchased one glassine envelope of heroin from a man whom the officer later identified as the defendant. Although none of the prerecorded money was recovered when the defendant was arrested, one glassine envelope of heroin was found on the defendant's person which matched the one previously purchased by the undercover officer.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Hemphill,* 187 AD2d 728). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the undercover officer was standing less than one foot from the defendant when the officer purchased the drugs and further, that he had a clear view of the defendant on that sunny morning. Also, the undercover officer identified the defendant three times as the person from whom he bought heroin. Lastly, the glassine envelope recovered from the defendant matched the one purchased by the undercover officer (*see, People v Hemphill, supra*). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.