■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS K. JAMES, Also Known as POMPAY GARRETT, Appellant. [678 NYS2d 731] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 4, 1996, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove beyond a reasonable doubt that the complainant accurately and reasonably identified him as one of the robbers. However, the defendant's motion for a trial order of dismissal due to the People's failure to prove a prima facie case was not sufficiently specific to preserve this claim for appellate review (*see, People v Johnson,* 185 AD2d 247). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The record establishes that the complainant was, at one point, face-to-face with the defendant, and also had observed the defendant through the rear-view mirror of his taxicab, in which the defendant had been a passenger. The complainant testified that there was sufficient lighting in the street and alleyway where the robbery occurred to enable him to see the defendant's face, and he unequivocally identified the defendant in court as one of his assailants. The defendant also admitted in his signed statement that he robbed the complainant. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's challenges to various remarks made by the prosecutor during summation were not objected to at trial and thus are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Scotti,* 220 AD2d 543; *People v Udzinski,* 146 AD2d 245), and in any event, are without merit.

The defendant's sentence was not excessive (*see, People v*

*Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.