■ The People of the State of New York, Respondent, v Ramon Peralta, Appellant. [689 NYS2d 89] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered June 18, 1996, convicting defendant, after a jury trial, of attempted robbery in the first degree (two counts) and criminal

possession of a weapon in the second and third degrees, and sentencing him to three concurrent terms of 5 to 10 years and a concurrent term of 3½ to 7 years, respectively, unanimously affirmed.

Defendant's sufficiency claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. Contrary to defendant's argument, the only reasonable explanation of his actions, taken in conjunction with his statements to the victim, was that his use of force was intended to effect a larceny.

The court properly excluded the hearsay testimony offered by defendant as a declaration of future intent (*see, Mutual Life Ins. Co. v Hillmon*, 145 US 285; *People v Malizia*, 92 AD2d 154, 159-160, *affd* 62 NY2d 755, *cert denied* 469 US 932). The proffered evidence was essentially an expression by the declarant of her expectation as to what another person intended to do, and thus it was properly excluded (*see, People v Slaughter*, 189 AD2d 157, *lv denied* 81 NY2d 1080; *People v Chambers*, 125 AD2d 88, *appeal dismissed* 70 NY2d 694). The record fails to support defendant's contention that the court admitted similar evidence when offered by the People. However, the evidence that was offered by the People was admissible under a theory other than declaration of future intent. To the extent that defendant is raising a constitutional claim with respect to his right to present a defense, such claim is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of sentencing discretion.

Each of defendant's remaining arguments is unpreserved and we decline to review them in the interest of justice. In this connection, we note that defendant may not rely upon objections or offers of proof made by the codefendant but not specifically adopted in any manner by defendant (*People v Buckley*, 75 NY2d 843), and we reject defendant's arguments that the requirement of preservation should be excused or deemed inapplicable with respect to various issues. In any event, were we to review these claims, we would reject them. Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.