◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL L. D'AGOSTINO, Appellant. [696 NYS2d 898] —Appeal by the

defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered March 13, 1998, convicting him of burglary in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of attempted robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that the People did not adduce legally sufficient evidence to establish the crime of attempted robbery in the first degree. Therefore, that conviction is reversed, the sentence imposed thereon is vacated, and that count of the indictment is dismissed.

The remainder of the defendant's claims regarding the alleged insufficiency of the evidence are unpreserved for appellate review (*see, e.g., People v Johnson,* 185 AD2d 247; *see also, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, they are meritless. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to the other crimes was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Viewing the evidence, the law, and the circumstances of the case, we conclude that the defendant was afforded meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137, 147).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.