■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMALIER RIVERA, Appellant. [714 NYS2d 224] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered October 28, 1997, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator of the crime charged beyond a reasonable doubt, was not asserted in the trial court in support of his motion to dismiss, and therefore is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v White,* 192 AD2d 736). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt as the person who tripped and jumped on the complainant, threatened to kill him, and robbed him. The complainant had an opportunity to observe the defendant at close range during the incident, which occurred in a well-lit area, and identified the defendant as the perpetrator 3½ weeks later when he saw the defendant on the street (*see, People v White, supra; People v Caballero,* 177 AD2d 496).

The discrepancies, highlighted by the defense counsel in his summation, presented a credibility issue to be resolved by the trier of fact (*see, People v White, supra*). Those discrepancies did not render the complainant's testimony unreliable or incredible as a matter of law (*see, People v White, supra*).

Upon the exercise of our factual review power, it is submitted that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention has no merit. Friedmann, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.