■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBINSON, Appellant. [728 NYS2d 482] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 9, 1998, convicting him of robbery in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his applications for new assigned counsel based upon an alleged conflict of interest and inadequate communication with his assigned counsel (*see, People v Sides,* 75 NY2d 822; *People v Arroyave,* 49 NY2d 264; *People v Estwick,* 266 AD2d 123, 124). Whether to allow a defendant to substitute counsel is largely within the discretion of the Trial Judge (*see, People v Tineo,* 64 NY2d 531; *People v Arroyave, supra; People v Chambers,* 279 AD2d 353). The defendant must show good cause for the substitution, and the application must not be made merely as a dilatory tactic (*see, People v Arroyave, supra*). The defendant's complaints about his assigned counsel consisted of conclusory allegations which were insufficient to show good cause, and his actions were merely a dilatory tactic (*see, People v Tineo, supra; People v Chambers, supra*).

The defendant was removed from the courtroom after a series

of disruptive acts. After being removed, the defendant indicated through his counsel that he would continue the disruptive behavior if he returned to the courtroom. Under these circumstances, the Supreme Court providently exercised its discretion in removing the defendant from the courtroom (*see,* CPL 260.20; *People v Byrnes,* 33 NY2d 343; *People v Sherrod,* 270 AD2d 366; *People v Phillips,* 265 AD2d 237).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Rivera,* 275 AD2d 802; *People v White,* 192 AD2d 736). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Bracey,* 41 NY2d 296; *People v Rivera, supra; People v Peralta,* 261 AD2d 101; *People v Durden,* 219 AD2d 605; *cf., Matter of Marcel F.,* 233 AD2d 442). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court should not have admitted a composite sketch of the suspect into evidence. Generally, a composite sketch is not admissible on the prosecution's direct case because of the "potential suggestiveness of having a police artist interpret and possibly influence the perceptions of the witness" (*People v Ross,* 186 AD2d 1006), and it cannot be introduced to allow a witness to testify to an extrajudicial identification of the defendant (*see, People v Griffin,* 29 NY2d 91). However, any error in admitting the sketch was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). The testimony concerning the means by which the defendant became a robbery suspect was enough for the jury to understand why the defendant was arrested (*see, People v Seymour,* 225 AD2d 487).

Contrary to the defendant's contention, the Supreme Court properly declined to instruct the jury that it should consider the evidence as it related to each crime separately, as there was not a substantial likelihood that the jury would be unable to do so (*see, People v Jackson,* 273 AD2d 253). The defendant was positively identified by each complainant in subsequent lineups. Proof of each crime was presented separately and clearly, and was easily separable and discernible in the minds of the jurors.

The defendant's remaining contentions are without merit. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.