◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDELL BETTS, Appellant. [739 NYS2d 584] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered September 27, 1999, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

.The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the robbery beyond a reasonable doubt is unpreserved for appellate review, since it was not advanced with specificity on his motion for a trial order of dismissal (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Johnson,* 185 AD2d 247). Furthermore, the defendant's subsequent motion to set aside the jury verdict was not sufficient to preserve this contention for appellate review (*see, People v Padro,* 75 NY2d 820; *People v Adams,* 281 AD2d 486). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the individual who robbed the complainant at gunpoint beyond a reasonable doubt (*see, People v Rivera,* 275 AD2d 802). The minor inconsistencies between the complainant's trial testimony, his prior statements to the police, and the defendant's actual appearance, were fully explored at trial, and did not render the complainant's testimony incredible or unreliable as a matter of law (*see, People v Lambert,* 272 AD2d 413, 414; *People v White,* 192 AD2d 736, 737). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Since the Supreme Court imposed the legally-authorized minimum sentence, there is no basis for the reduction of that sentence (*see,* CPL 470.15 [6] [b]; 470.20 [6]). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.