◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL COLON, Appellant. [840 NYS2d 110]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 28, 2005, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of identification was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Stroman,* 27 AD3d 589 [2006]; *People v Morrison,* 18 AD3d 887 [2005]; *People v Regan,* 11 AD3d 640 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the identity of the defendant as the assailant. The eyewitness had often seen the defendant in the neighborhood and had an ample opportunity to observe him before, during, and after the assault under adequate conditions (*see People v Godbolt,* 209 AD2d 540 [1994]; *People v Laguer,* 195 AD2d 483 [1993]; *People v White,* 192 AD2d 736 [1993]; *People v Pittman,* 186 AD2d 282 [1992]). Moreover, 10 minutes after the assault, the eyewitness identified the defendant during a showup. The minor discrepancies between the witness's description of the defendant's height, weight, and clothing and his actual physical appearance did not render his testimony incredible as a matter of law (*see People v Rose,* 224 AD2d 643 [1996]; *People v White, supra; People v Caballero,* 177 AD2d 496 [1991]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.