THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COLSON, Appellant. [28 NYS3d 132]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 12, 2013, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree, and unlawful imprisonment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a confidential informant for the police (hereinafter the complainant) told the police that the defendant kept her in his car against her will for hours, directed another man in the car to cut her face, and held her arm as the other man, using a sharp instrument, cut her face approximately 20 times, and stole $140 from her pocketbook. The complainant had previously, at the direction of the police, attempted unsuccessfully to buy drugs from the defendant on three occasions. After a nonjury trial, the defendant was convicted of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree, and unlawful imprisonment in the second degree.

The defendant's contention that the evidence was legally insufficient to support his convictions because the complainant's testimony was not credible is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Guzman*, 134 AD3d 852 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the complainant's history of drug addiction, her criminal record, her status as a paid informant for the police, and the inconsistencies between her testimony and that of the other witnesses, did not render her testimony incredible (*see People v Colon*, 42 AD3d 549, 550 [2007]; *People v Schouenborg*, 42 AD3d 473, 473 [2007]; *People v Rose*, 224 AD2d 643, 643 [1996]). The inconsistencies were fully explored at trial and were matters to be considered by the Supreme Court, as the trier of fact, in assessing the complainant's credibility (*see People v Schouenborg*, 42 AD3d at 473).

The defendant's contention that the evidence was legally insufficient to establish that the complainant suffered physical injury for purposes of the convictions of robbery in the second degree and assault in the second degree is partially unpreserved for appellate review (*see People v Minard*, 125 AD3d 691, 691 [2015]) and, in any event, without merit (*see People v Monserrate*, 90 AD3d 785, 787 [2011]; *People v Rahman*, 84 AD3d 1119 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.