■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMIR ZADA, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered June 26, 1975, convicting him of murder in the second degree (four counts), kidnapping in the first degree, robbery in the first degree, robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant contends that the trial court erred when it denied his motion, pursuant to *People v Sandoval* (34 NY2d 371), to preclude the prosecutor from cross-examining him for impeachment purposes with respect to his prior conviction in 1974 for intentional murder and related offenses. The trial court held that this prior conviction involved a crime of calculated violence, which demonstrated defendant's willingness to place his own self-interest ahead of the interests of society, thus "going to the heart of honesty and suggesting a readiness to do so again on the witness stand" (see *People v Duffy,* 36 NY2d 258, 262; *People v Sandoval,* 34 NY2d 371, 377, *supra).* The trial court carefully weighed the prejudicial effect of this prior conviction against its probative worth for impeachment purposes, applying the proper standard for admissibility (cf. *People v Davis,* 44 NY2d 269, 275; *People v Mayrant,* 43 NY2d 236, 239-240). The fact that defendant may specialize in one type of illegal activity should not necessarily shield him from impeachment with prior convictions (see *People v Sorge,* 301 NY 198, 200; *People v Rahman,* 62 AD2d 968, affd 46 NY2d 882). We further note that once this application was denied, defendant chose not to testify, but presented an alibi defense through the testimony of several other witnesses. Defendant's testimony was hardly essential to the fact-finding process (see *People v Rahman, supra; People v Dickman,* 42 NY2d 294, 298). Thus, we conclude that defendant's application was properly denied. Defendant also contends that the counts of the indictment charging him with robbery in the first degree, robbery in the second degree, and burglary in the first degree should be dismissed as inclusory concurrent counts (see CPL 300.40, subd 3, par [b]), and that the kidnapping count merged with the other counts, and therefore should be dismissed as well (see *People v Lombardi,* 20 NY2d 266; *People v Levy,* 15 NY2d 159). However, the *Levy-*

*Lombardi* rule is inapplicable to this case (see *People v Miles,* 23 NY2d 527, 539, cert den 395 US 948). Moreover, the robbery and burglary counts are not lesser included offenses of felony murder (see *People v Berzups,* 49 NY2d 417, 427-428). Furthermore, since defendant was convicted of robbery in the second degree on the theory that he was aided by another person actually present (see Penal Law, § 160.10, subd 1), that count is not a lesser included count of robbery in the first degree (see *People v Acevedo,* 40 NY2d 701, 706). We have considered defendant's remaining contentions and find them to be without merit. Rabin, J.P., Cohalan, Weinstein and Thompson, JJ., concur.