■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRO AUTORINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered August 26, 1981, convicting him of forgery in the first degree (four counts), forgery in the second degree (seven counts), grand larceny in the second degree (11 counts), conspiracy in the second degree, and conspiracy in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant stands convicted of sundry crimes arising out of his theft of stocks, bonds, checks and deeds from his employer Frederick William Irving Lundy. The evidence adduced at trial overwhelmingly established his participation in those crimes. Defendant contends that the trial court erred when it denied his motion, pursuant to *People v Sandoval* (34 NY2d 371), to preclude the People from cross-examining him for impeachment purposes with respect to his acquisition of approximately $500,000 from an unknown source. The People had a good-faith basis to believe that these funds constituted proceeds from a burglary of Frederick Lundy's estate in Brookville, Long Island. Defendant could proffer no other explanation for his acquisition of these funds. His acquisition of sums of money far in excess of his legitimate sources of income corroborated the People's information that defendant was involved in that burglary (see *United States v Falley*, 489 F2d

33; *People v Tempera,* 94 AD2d 748). The trial court, exercising its discretion, granted defendant's application, insofar as to preclude any cross-examination with respect to the burglary itself, but ruled that the People could cross-examine defendant with respect to his unexplained acquisition of approximately $500,000. Once this ruling was made, defendant chose not to testify. Nevertheless, his version of the events in question was before the jury in the form of a deposition taken by the coexecutor of the estate of Frederick Lundy, and in defendant's statements to law enforcement officials (see *People v Zada,* 82 AD2d 926). Thus, we conclude that the trial court's ruling was not an abuse of discretion. We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.