◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SEVILLA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 6, 1981, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain evidence and identification testimony.

Judgment affirmed.

At defendant's Sandoval hearing it was established that between 1976 and 1980, defendant had four disorderly conduct convictions and seven misdemeanor convictions, all of which were related to larceny or criminal possession of stolen property. The court determined that none of the convictions was entitled to any significant priority as far as being included in or excluded from any cross-examination of defendant, and ordered the prosecutor to choose "any four that tickle[d] her fancy". Defendant claims that permitting the prosecutor to choose which convictions to use was an abuse of the court's discretion.

While it would have been better for the court to have made its own choice as to which convictions could be used in attempting to impeach defendant's credibility, under the circumstances of this case, the court did not abuse its discretion. The court set guidelines for the prosecutor in making her choice, and, upon a review of the record, it is clear that the prosecutor's choices were to be reviewed by the court prior to the opening of defendant's case.

Defendant failed to meet his burden of showing that the prejudicial effect of admitting evidence of his prior convictions outweighed its probative value on the issue of credibility *(see, People v Carter,* 106 AD2d 654). It should further be noted that although defendant claims that the court's ruling prevented him from testifying, two witnesses testified on behalf of the defense in an attempt to establish an alibi. Thus it cannot be said that the court's *Sandoval* ruling precluded defendant from presenting a cogent defense *(see, People v Zada,* 82 AD2d 926).

We have considered defendant's other contentions and find them to be without merit. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.