■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GUARINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered August 20, 1985, convicting him of assault in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

At the defendant's *Sandoval* hearing, it was established that he had been convicted of assault in the third degree in 1973, criminal mischief in the fourth degree in 1976, and disorderly conduct in 1979. The hearing court ruled that the prosecutrix could not cross-examine the defendant on the assault conviction, but that the prosecutrix could inquire into the facts underlying one of the latter two convictions. The prosecutrix then informed the hearing court that she would use the disorderly conduct conviction to impeach the defendant if the defendant testified at the trial. The ruling by the hearing court was not an abuse of discretion. The defendant failed to meet his burden of showing that the prejudicial effect of admitting evidence of the facts underlying the disorderly conduct conviction outweighed its probative value on the issue of credibility. Moreover, while the *Sandoval* ruling apparently motivated the defendant to waive a jury trial, the ruling did not prevent the defendant from presenting a cogent defense, as the defendant presented five witnesses at his trial other than himself to testify in support of his justification defense *(see, People v Sevilla,* 113 AD2d 960, 961).

Viewing the evidence in the light most favorable to the prosecution, we find that it is sufficient as a matter of law to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the

evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find that the trial court's active participation in the examination of witnesses was an appropriate effort to clarify the issues and elicit significant facts *(see, People v Cruz,* 100 AD2d 518).

Finally, based upon the defendant's background and the nature of the crime, the sentence was appropriate. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.