(July 2, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK M. DUFFY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered May 18, 1989, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Previously this court reversed defendant's conviction for manslaughter in the second degree pursuant to Penal Law § 125.15 (1) (171 AD2d 900). Under our rationale, Penal Law § 125.15 (3), which requires that defendant's conduct be intentional, was held to be the exclusive subdivision under which defendant could be prosecuted for manslaughter in the second degree when the victim committed suicide. Inasmuch as defendant was acquitted of this charge at trial, we dismissed the indictment.

On appeal by the People to the Court of Appeals, it was concluded that defendant could be convicted of a violation of Penal Law § 125.15 (1) where the victim committed suicide upon a showing that defendant's conduct was reckless, as distinguished from the intentional conduct required under Penal Law § 125.15 (3). The Court of Appeals held that defendant's conduct was a "sufficiently direct cause" of the victim's suicide in this case, reversed our prior order and remitted to this court for consideration of the facts, pursuant to CPL 470.25 (2) (d) and CPL 470.40 (2) (b) (79 NY2d 611, 616).

We find the evidence to have been legally sufficient to support defendant's conviction for manslaughter in the second degree under Penal Law § 125.15 (1) and that the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). The proof established that defendant was aware of the intoxicated, depressed, suicidal state of the victim on the night they met. Despite the victim's condition, defendant gave him a rifle, a number of rounds of ammunition and then goaded him, first to jump off the porch on his head and then to "put the gun in his mouth and blow his * * * head off", all because defendant was "sick and tired" of hearing the victim complain about his personal situation. Defendant's actions clearly constituted the reckless conduct necessary for a violation of Penal Law § 125.15 (1), and those actions were shown to have been "an actual contributory cause of [the victim's] death" (Matter of Anthony M., 63 NY2d 270, 280). Under the circumstances, the jury properly and rationally concluded that defendant was aware of the substantial risk of death to the

victim that his actions prompted, and consciously disregarded that risk.

Contrary to defendant's argument that his statement was involuntarily obtained, we find in the totality of the circumstances that County Court properly refused to suppress the statements. Defendant voluntarily accompanied Investigator Ronald Porter to headquarters to give an account of the incident. Upon arrival defendant was given a form containing the *Miranda* warnings. Defendant read the form and it was read to him by Porter. Although Porter admitted he smelled alcohol on defendant, defendant did not appear to be drunk. Porter offered him a chair and made coffee. Defendant did not indicate he wanted to sleep, eat or contact anyone. The questioning was not continuous and the atmosphere was not hostile. Defendant was very cooperative and freely admitted his actions and the victim's death from a self-inflicted gun shot wound to his forehead.

Defendant's final claim concerns the *Sandoval* determination that permitted the prosecution to cross-examine defendant, if he took the stand, about a prior conviction for disorderly conduct, which involved the use of obscene language to a police officer and discharging a gun. This prior act indicates defendant's willingness to put his interests above those of society. Furthermore, elementally, defendant's prior offense and present offense are separate and distinct violations.

We find none of the defendant's contentions to require reversal and accordingly affirm the conviction.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the judgment is affirmed.