**Samir ZADA, Petitioner,**

v.

**Charles SCULLY, Superintendent, Green Haven Correctional Facility, Respondent.**

No. 93 Civ. 7593 (CLB).

United States District Court, S.D. New York.

March 30, 1994.

Gerald W. Hilly, Scarsdale, NY, for petitioner.

Kenneth Gribetz, Dist. Atty. (Deborah Wolikow Leowenberg, of counsel), New City, NY, for respondent.

## MEMORANDUM DECISION

BRIEANT, District Judge.

Petitioner Samir Zada seeks *habeas corpus* relief under 28 U.S.C. § 2254 from his state conviction on June 26, 1975 following trial by jury in the County Court of Orange County, after a change of venue from Rockland County due to pretrial publicity.[1] Petitioner had been tried and convicted of murder in Put-

nam County in 1973 (the "prior conviction"). An appeal was pending on that conviction during the 1975 trial and sentencing is at issue here.

In the 1975 trial (the case reviewed here), petitioner was found guilty of murder in the second degree, kidnapping in the first degree, robbery in the first and second degree, and burglary in the second degree, and all other counts in the indictment. He was sentenced to a term of twenty-five (25) years to life. *People v. Zada,* 73/119, Index # 575–1975, Sentencing Minutes, June 26, 1975 (Ingrassia, J.) (the "Sentencing Minutes").

Petitioner's conviction was affirmed on direct appeal in *People v. Zada,* 82 A.D.2d 926, 440 N.Y.S.2d 672 (2d Dep't 1981), *leave to appeal to the Court of Appeals denied* (Aug. 18, 1981).

In 1980, the Appellate Division, Second Department, of the New York State Supreme Court reversed petitioner's prior (1973) conviction in *People v. Zada,* 75 A.D.2d 77, 428 N.Y.S.2d 480 (2d Dep't 1980) because of a claimed defect in the jury charge concerning an optional inference available to the jury based on recent possession of the fruits of the crime. That Court ordered a new trial, which the prosecution declined to pursue because of unavailability of witnesses after the long passage of time.

On April 14, 1992, petitioner's application for an order to vacate his sentence in the 1975 case pursuant to New York Criminal Procedure Law § 440.20 on the grounds of alleged reliance by the sentencing court on the 1973 (subsequently reversed) conviction was denied. *People v. Samir Zada,* State of New York, County Court, Orange County, Index No. 575–75, Opinion and Order (April 14, 1992) (Byrne, J.) (the "County Court Opinion").

Petitioner contends that (1) consideration by the sentencing judge of the prior conviction, then on appeal and subsequently reversed, was an error of constitutional magnitude, (2) the disparity of sentence between petitioner and co-defendants who pleaded

---

1. The initial petition was filed *pro se.* Petitioner received assistance of counsel in connection with his reply papers.

guilty was sufficiently great to constitute a federal constitutional violation, (3) a pretrial order permitting the use of his prior conviction for impeachment purposes made it impossible for him to testify, and (4) that petitioner was not competent to stand trial.

The events underlying petitioner's 1975 conviction involve robbery of the victim in his home and kidnapping by car leading to the victim's murder in the woods adjacent to the road after his escape from the trunk of the car. Unlike two co-defendants, petitioner, then seventeen (17) years old with no prior criminal record at the time of this incident,[2] proceeded to trial in 1975. One co-defendant, also then seventeen years old, drove and remained in the car during the incident. Unlike the other two, he apparently did not participate in either the decision to murder the victim or in the act itself; he was the primary prosecution witness in this trial and also testified against petitioner in the prior trial. He pleaded guilty to robbery in the second degree and burglary in the first degree, was sentenced as a Youthful Offender to a term of from zero to four (0–4) years and served one and a half years.

The other co-defendant, an adult, entered a plea of guilty to two counts of manslaughter in the first degree for which he was sentenced to twenty (20) years and for which he appears to have served eight (8) years.

Petitioner asserts that the sentence he is now challenging is constitutionally tainted because the trial judge considered the probation (pre-sentence) report[3] mentioning the prior conviction then on appeal and later reversed. The Court finds no merit in this claim.

During the sentencing hearing, the judge, who had also been the trial judge, stated as the basis for his sentence that:

... This Court has heard the testimony and finds it was overwhelming against you ... I'm going to impose a mandatory minimum term because of the character of this act, because of the viciousness, because of the brutality of the act, because of the premeditation involved as this Court heard from the testimony, the deliberateness of the act, the inexcusability. This Court feels that you must be removed from society and that you must be removed for as long a period as possible.

Sentencing Minutes at 20–22. As the County Court judge noted when declining to vacate the sentence, it is clear that the sentencing court was "most concerned with and emphasized the horrible nature of the crime for which the defendant was convicted and his conduct as adduced in the course of the trial." County Court Opinion at 2. It is obvious that, although the sentencing judge had "read ... [and] concurred with" the probation report, Sentencing Minutes at 21, the sentence was imposed on independent grounds.

Petitioner's prior (1973) murder conviction was built around the testimony of two accomplices and permissible inferences that could be drawn from petitioner's possession of a ring known to have been worn by the victim in that case. The appellate court found the judge's charge to the jury to be "erroneous and highly prejudicial" with respect to the statement that "the law in this state is clear that *recent and exclusive possession of the fruits of a crime if unexplained or if falsely explained will justify an inference that the possessor is criminal.*" *People v. Zada,* 75 A.D.2d 77, 428 N.Y.S.2d 480, 482 (2d Dep't 1980) (emphasis in original; bold type added).

█ Reversal of a conviction such as the one involved here because of disapproval of

---

**2.** The murder involved in the 1973 trial occurred some two weeks after the murder involved in the 1975 trial at issue here.

**3.** Petitioner complains of difficulty in what appear to be recent efforts to obtain copies of the probation (pre-sentence) report in connection with his sentencing. Without prior written requests or dates it is difficult to draw any conclusion with respect to whether or not petitioner's trial counsel had access to the information and

whether delay by petitioner in requesting information may make it difficult to find at this time.

In any event the sentencing judge made it clear that the sentence of 25 years to life was based on the trial evidence, not the probation report. *See United States v. Drishti,* 84 Cr. 499 (S.D.N.Y., Sept. 4, 1992), *aff'd* 992 F.2d 319 (2d Cir.1993); *see also United States v. Reme,* 738 F.2d 1156, 1167 (11th Cir.1984).

language relating to the nature and extent of inferences that can be drawn based on state law evidentiary rules does not purport to be, nor is there any indication that it would, present a federal constitutional issue.

■ The jury found petitioner guilty on all of the evidence. Significantly the jury was told that possession under the circumstances of that case "will"—but not that it must— "justify" (not compel) an inference of guilt. Where as here the jury instructions are permissive, not mandatory, there is no constitutional violation. *See Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993) or *Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979).

■ Jurors can and are expected to apply common sense in evaluating evidence and unless the instructions are egregiously wrong, the outcome is unlikely to be poisoned. *See Victor v. Nebraska,* —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (jury instructions did not create reasonable possibility that jury applied unconstitutional standard in violation of Due Process Clause of the Fourteenth Amendment).

This case is distinguishable from *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), in that in *Tucker,* the prior conviction had been conclusively determined to have been unconstitutional, not merely subject to reversal on procedural grounds or disapproved instructions. In contrast there is no basis to find that petitioner's prior state conviction was unconstitutional in any way.

*Tucker* also ordered relief much less difficult to arrive at, a remand within the federal court system for resentencing, not a finding of violation of the Fourteenth Amendment. Here, petitioner, a state prisoner, must establish that the sentence offends the Fourteenth Amendment and bears the burden of showing that his sentence was egregious in relation to the facts before the sentencing judge.

There is no basis here for finding that petitioner was sentenced on "materially untrue" assumptions or "misinformation" in violation of due process. *United States v. Pugliese,* 805 F.2d 805 F.2d 1117, 1123 (2d Cir. 1986) (quoting *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948)).

The sentence was within statutory limits and found by the judge reviewing petitioner's C.P.L. § 440.20 application to be "within the discretion of [the] Court and based upon sound reasoning and judgment." County Court Opinion at 22. *See Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *Bellavia v. Fogg,* 613 F.2d 369, 373 (2d Cir.1979).

■ The Court finds no federal constitutional violation with respect to petitioner's claim that the sentence of twenty-five (25) years to life, or the recommendation to the Parole Board that he be kept "for as long a period as is possible under the law," Sentencing Minutes at 22, is excessive in comparison to those imposed under plea bargains on his co-defendants. Having gone to trial, petitioner necessarily placed the full details of the crime squarely before the sentencing judge, who acted on the facts before him.[4]

■ Petitioner cannot sustain his claim that due process rights were violated when he failed to testify allegedly on the basis of the trial court ruling that his then-valid prior conviction was admissible for impeachment purposes. To preserve such a claim for review, a defendant must testify, *Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984). In the absence of actual testimony in the context of the trial, "any possible harm flowing from" a trial court's ruling permitting impeachment by a prior conviction is "wholly speculative." *Id.* at 41, 43, 105 S.Ct. at 461; *Carroll v. Hoke,* 695 F.Supp. 1435, 1439–40 (E.D.N.Y.1988), *aff'd* 880 F.2d 1318 (2d Cir.1989).

4. As mentioned above, the sentencing judge based petitioner's term of imprisonment on the evidence at trial but appears to have considered the later-reversed 1973 conviction in recommending against parole. Since the recommendation is not binding, petitioner can request the parole authorities to consider the reversal of his 1973 conviction in evaluating any parole application.

There is in any event no basis for inferring that impeachment of the petitioner by reference to the prior conviction even though later reversed would have been unconstitutional. Petitioner could, of course, have pointed out during his testimony that the conviction was pending on appeal. However, the 1973 conviction was based on a jury finding after hearing all the evidence that the defendant was guilty of murder beyond a reasonable doubt; the only difficulty seems to have been that the trial judge gave an instruction about an optional (non-binding) inference in a way subsequently disapproved by the Appellate Division.

Petitioner's complaint of prejudicial publicity relates to media coverage during the trial which, unlike pretrial publicity, cannot be dealt with by a change of venue—but is susceptible to judicial control through appealing to the jury to exercise the majesty and dignity of their function as the factfinders rather than abdicating that function and turning it over to the media to select the evidence. There is no indication that the jury considered media versions of the facts rather than the trial evidence or that any protective instructions were requested and refused.

■ Petitioner's newly-raised (not exhausted) claim to have been incompetent at the time of trial is not supported by any specific facts. Petitioner relies on vague claims that he received psychiatric treatments at unspecified times after his conviction. Although this claim cannot be the basis for granting relief because it is unexhausted under 28 U.S.C. § 2254(b), it is in the interest of federalism to deal with the merits now because of the total lack of factual basis for the argument. *Washington v. James,* 996 F.2d 1442, 1451 (2d Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994).

In all respects the petition is lacking in merit.

The application for a writ of *habeas corpus* is denied. The clerk shall enter judgment.

For the reasons set forth above, there is no merit to this petition, and any appeal taken would not be taken in good faith; accordingly no certificate of probable cause will issue under Fed.R.App.P. 22(b).

**SO ORDERED.**