■ MAR INVESTORS CORP., Respondent, v JOSE CERDA et al., Defendants, and 1170 WEBSTER AVE. REALTY CO., Appellant. [616 NYS2d 966] —Judgment, Supreme Court, Bronx County (Anita Florio, J.), entered September 24, 1993, which granted plaintiff judgment on its conversion claim in the sum of $34,174.05, unanimously affirmed, with costs.

In light of the deference afforded to fact finders, such as the Referee in this case, and in light of the documentary and testimonial evidence, the award of damages to plaintiff was well founded (see, Claridge Gardens v Menotti, 160 AD2d 544, 545). Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ENGLISH, Appellant. [616 NYS2d 967] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered August 4, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's argument that the court erred in permitting the prosecutor to introduce an uncharged drug sale by defendant's codefendant and other evidence of drug activity at defendant's residence is unpreserved and we decline to reach it in the interest of justice (CPL 470.05 [2]). In any event, this evidence was properly admitted as background evidence (see, People v Rivera, 186 AD2d 504, 505).

The court's Sandoval ruling was an appropriate balancing under the circumstances herein (see, People v Duffy, 185 AD2d 371, 372, lv denied 80 NY2d 929). Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.