■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY STEVENS, Appellant. [654 NYS2d 750] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 22, 1993, convicting defendant, after a jury trial, of five counts of grand larceny in the fourth degree and five counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to five prison terms of 2 to 4 years and five prison terms of 1 year, all terms to run concurrently, unanimously affirmed.

In light of defendant's criminal history, the court's ruling that the prosecutor could inquire about a portion of defendant's numerous theft-related convictions was an appropriate exercise of discretion (see, People v Jones, 220 AD2d 251, 252, lv denied 88 NY2d 880). Defendant has not preserved his present contention that the court improperly delegated to the prosecutor the authority to choose which prior convictions to elicit, and we decline to review it in the interest of justice. Were we to review it, we would find this aspect of the Sandoval ruling to be an appropriate exercise of discretion as well (see, People v Sevilla, 113 AD2d 960), because the convictions were factually similar and because the prosecutor was directed by the court to make his selections known to defense counsel, who never objected to the prosecutor's selections as being unduly prejudicial.

Evidence of a contemporaneous uncharged crime was properly received, because it completed the narrative of events (People v Gines, 36 NY2d 932). The court properly refused to submit petit larceny as a lesser included offense, because no reasonable view of the evidence supported such submission. Defendant's contentions concerning the prosecutor's summation are unpreserved and, in any event, given the defendant's summation, do not require reversal. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.