■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SPRINKLE, Appellant. [768 NYS2d 201]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 6, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly permitted defendant to proceed pro se at trial after a thorough colloquy at which the court ensured that defendant was aware of the disadvantages and risks of representing himself and the important role of a lawyer (*see People v Arroyo*, 98 NY2d 101 [2002]). The court, which was not required to follow any particular formula (*id*. at 104), adequately conveyed the necessary warnings.

Although the court should have granted defendant's request for a jury charge on the agency defense with respect to the charge of possession with intent to sell, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]), since

the proof of defendant's guilt was overwhelming and defendant's testimony had been impeached by his prior criminal history and use of aliases. Moreover, had defendant's request to charge been granted, the People would then have been allowed to introduce evidence of defendant's prior drug sale convictions, making it unlikely that defendant would have received a more favorable verdict.

The court's *Sandoval* ruling, which, among other things, precluded the People from eliciting that several of defendant's numerous convictions were for selling drugs, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court properly exercised its discretion in permitting the prosecutor to select two underlying facts to elicit from each of defendant's two robbery convictions (*see People v Stevens*, 237 AD2d 133 [1997], *lv denied* 90 NY2d 864 [1997]). Defendant received sufficient notice of the facts that the prosecutor might elicit, and was able to make an intelligent decision whether or not to testify. The facts ultimately selected by the prosecutor were probative of defendant's credibility.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including his procedural claim relating to his sentencing, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.