■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ANTONELLI, Appellant. [774 NYS2d 396]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 29, 2002, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator of the crimes is unpreserved for appellate review, since he did not advance this contention at trial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt. The complainants had ample opportunity to observe the defendant and identified him at a subsequent lineup (*see People v Lambert*, 272 AD2d 413 [2000]; *People v Rivera*, 275 AD2d 802 [2000]; *People v Phan*, 225 AD2d 715 [1996]; *People v White*, 192 AD2d 736 [1993]; *People v Hunt*, 177 AD2d 649 [1991]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v Duffy*, 185 AD2d 371 [1992]; *People v Guarino*, 131 AD2d 875 [1987]; *People v Sevilla*, 113 AD2d 960 [1985]). Krausman, J.P., Goldstein, Adams and Cozier, JJ., concur.