■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHAWN GULLY, Appellant. [792 NYS2d 199]—Appeals by the defendant from two judgments of the County Court, Westchester County (Zambelli, J.), both rendered September 25, 2001, convicting him of grand larceny in the fourth degree under indictment No. 99-01511, upon his plea of guilty, and robbery in the second degree and grand larceny in the fourth degree under indictment No. 99-01512, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant knowingly, intelligently, and voluntarily waived his right to appeal his conviction under indictment No. 99-01511, and withdrew all motions as part of his plea agreement. Accordingly, the plea agreement forecloses appellate review of the denial of the defendant's motion to suppress identification testimony (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v McClane*, 7 AD3d 641, 642 [2004]; *People v Malik*, 6 AD3d 461 [2004]; *People v Scott*, 286 AD2d 352, 353 [2001]). The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty since the defendant failed to support his conclusory allegations of innocence (*see* CPL 220.60; *People v Dickerson*, 163 AD2d 610, 611 [1990]). The defendant's claims of coercion and ineffective assistance of counsel, upon which the motion was based, are belied by the record (*see People v Holmes*, 303 AD2d 690 [2003]; *People v Telfair*, 299 AD2d 429 [2002]; *People v Charles*, 256 AD2d 472 [1998]).

With respect to indictment No. 99-01512, the County Court properly denied the defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) to the prosecutor's use of peremptory challenges against certain black prospective jurors. The defendant failed to demonstrate that the race-neutral reasons advanced by the prosecutor were pretextual (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]; *People v Barnes*, 4 AD3d 433, 434 [2004]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v Guarino*, 131 AD2d 875 [1987]; *People v Sevilla*, 113 AD2d 960 [1985]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.